**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**VANESSA HOWELL MAY,**

> **Petitioner,**

v.                                                                    **Case No. 1:16-cv-10561**

**WARDEN, Federal Prison Camp-Alderson,**

> **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On November 4, 2016, Petitioner Vanessa Howell May ("May"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Because May has received the relief requested, her petition is now moot. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** the Petition for a Writ of Habeas Corpus and remove this matter from the docket of the Court.

**I.      Relevant History**

At the time May filed the instant habeas petition, she was housed at the Federal Prison Camp in Alderson, West Virginia. In her petition, May complained that she was being wrongfully forced to participate in the Bureau of Prison's ("BOP") inmate

financial responsibility program ("IFRP"). (ECF No. 2 at 2). According to May, her presentence report included a recommended payment schedule for restitution, which was ordered by the sentencing court. The BOP unilaterally disregarded the recommended schedule, enrolled May in the IFRP, and placed her on a payment schedule that left her with very little disposable income for commissary items and communication costs. (*Id.* at 6-7). May argued that she was forced to comply with the oppressive terms of the IFRP, because if she refused to comply, she would have been punished with less favorable housing, facility earnings restrictions, and elimination from certain program opportunities. May further contended that the amount of the payments imposed upon her under the IFRP were fundamentally unfair, because they resulted in her paying a greater percentage of the total restitution amount than the percentages paid by her co-defendants, who were equally responsible for the restitution. (*Id.* at 7). For relief, May asked the Court to reduce her restitution payments during her incarceration from $37 per month to $25 per quarter. (*Id.* at 13).

On November 29, 2016, after May paid the requisite filing fee, the undersigned ordered the Respondent to show cause why the relief requested by May should not be granted. (ECF No. 6). Respondent filed a memorandum on February 27, 2017, arguing that May's petition should be dismissed for failure to exhaust her administrative remedies. (ECF No. 11). Respondent indicated that May had filed no grievances while incarcerated; therefore, she had failed to exhaust the BOP's three-tiered administrative remedy process prior to filing her petition. (*Id.* at 3-4). Furthermore, Respondent advised that May's current IFRP contract only required her to make quarterly payments of $25; therefore, her payment schedule was entirely consistent with the presentence report. Respondent added that while May had made four payments of $37

per month before the terms of the IFRP contract were changed, the sentencing court ordered May to "pay a minimum" of $25 per quarter toward her financial obligations. (*Id.* at 4). Therefore, the prior payments of $37 per month were not inconsistent with the sentencing order. As such, the habeas petition failed on its merits and required dismissal.

On February 28, 2017, the undersigned entered an Order providing May with sixty days in which to file a memorandum in opposition to Respondent's request for dismissal. (ECF No. 12). May did not respond to the Order. However, on May 7, 2018, Respondent filed a Motion to Dismiss the Petition on the ground that it was now moot due to Petitioner's release from BOP custody. (ECF No. 13). Respondent asserted that upon May's release from the Federal Prison Camp, her IFRP contract terminated. Accordingly, no cognizable issue remained in dispute.

On May 8, 2018, the undersigned issued an Order allowing May thirty days to respond to the Motion to Dismiss. (ECF No. 14). According to the Bureau of Prisons' website, May was indeed released from the Federal Prison Camp to the supervision of the Raleigh Residential Reentry Office.[1] The docket sheet confirms that May was provided with a copy of the Order via the Raleigh RRM, but she has not responded to the Motion to Dismiss.

## II. **Discussion**

A prisoner must be in custody at the time she brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although her subsequent release will not deprive the court of subject matter jurisdiction, "[t]he

---

[1] See www.bop.gov/inmateloc/.

3

question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n. 22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Therefore, when a prisoner files a habeas corpus petition seeking relief from a conviction or sentence, his release from custody may render his petition moot.

In this case, May complained about the terms of her restitution payment schedule set pursuant to the BOP's IFRP. As demonstrated by the affidavit and attached exhibits recently supplied by Respondent, upon May's release in March 2018 from the Federal Prison Camp at Alderson, her participation in the IFRP terminated. (ECF No. 13-3). Accordingly, May is no longer being charged what she believed to be an excessive monthly restitution payment; in other words, the alleged wrong no longer exists and cannot be redressed by a favorable judicial decision. Indeed, it appears that May's claim actually became moot shortly after she filed her petition. As reflected in the paperwork supplied by Respondent, effective December 2016, the terms of May's restitution payment schedule as set forth in her IFRP contract were modified such that the amended contract provided the precise relief May sought from this Court. (ECF No.

11-2 at 9).

Although May's release from the Prison Camp may appear to moot her petition, there are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

In this case, neither exception applies. May did not challenge her conviction; rather, she claimed that she was unfairly charged under the BOP's IFRP while she was incarcerated at the Federal Prison Camp located in Alderson, West Virginia. Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant. Consequently, release from

5

custody moots the petition. *Lane v. Williams,* 455 U.S. 624, 631 (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable probability that May will be returned to prison on the same sentence and face the same alleged wrong. Mere speculation is not sufficient to meet the mootness exception.

For these reasons, the undersigned **FINDS** that (1) Petitioner's release from the Federal Prison Camp at Alderson renders her petition for habeas corpus relief moot and (2) neither exception to the mootness doctrine applies in this case.

## III.    Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1.    Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 2) be **DISMISSED**; and

2.    This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:** June 19, 2018

Cheryl A. Eifert
United States Magistrate Judge

7